IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-120-D
No. 5:13-CV-117-D

| | |
|---|---|
| CRAIG MAURICE HARRIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On April 18, 2013, Craig Maurice Harris ("Harris") filed a corrected motion to vacate, set aside, or correct his 168-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 25]. On September 13, 2013, the government moved to dismiss Harris's section 2255 motion [D.E. 34]. On October 1, 2013, Harris responded in opposition to the government's motion to dismiss [D.E. 37]. As explained below, the court grants the government's motion to dismiss.

I.

On April 3, 2012, a criminal information charged Harris with one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 [D.E. 1]. On May 10, 2012, Harris waived his right to prosecution by indictment and signed a written waiver of indictment before United States Magistrate Judge James E. Gates. See [D.E. 8, 10]. That same day, Harris pleaded guilty, pursuant to a written plea agreement [D.E. 12], to the sole count of the criminal information. See [D.E. 8]. On August 9, 2012, this court held a sentencing hearing and calculated

Harris's advisory guideline range to be 235 to 393 months. See Sentencing Tr. [D.E. 39] 7. After granting the government's motion under U.S.S.G. § 5K1.1 [D.E. 13] and considering the evidence presented, the arguments of counsel, Harris's statement, and the section 3553(a) factors, the court sentenced Harris to 168 months' imprisonment. See Sentencing Tr. 9–23; Judgment [D.E. 19]. Harris did not appeal his sentence, and the time within which to do so has expired.

On February 19, 2013, Harris timely filed a section 2255 motion [D.E. 22], and on April 18, 2013, he filed a corrected section 2255 motion [D.E. 25]. Harris asserts that his attorney provided ineffective assistance by failing to properly advise Harris concerning his guilty plea, failing to investigate the government's evidence before advising Harris to plead guilty, allowing Harris to waive indictment, withdrawing the objections to Harris's Presentence Investigation Report ("PSR"), and failing to file a notice of appeal.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176,

2

180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Harris's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively

3

unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Harris contends that his attorney provided ineffective assistance by failing to properly advise him concerning his guilty plea. See [D.E. 22] 3, 9; [D.E. 25] 4. The record belies this claim. At Harris's Rule 11 hearing, Judge Gates advised Harris of the charge against him, the maximum potential penalties associated with his conviction, the consequences of pleading guilty, and the fact that the court would determine Harris's sentence. See Arraignment Tr. [D.E. 38] 7–15, 22–26. Thus, Harris's Rule 11 colloquy cured any potential prejudice arising from counsel's alleged failure to properly advise Harris concerning his guilty plea. See, e.g., United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). Moreover, after Judge Gates informed Harris of the potential penalties he faced, Harris stated, under oath, that he understood the penalties associated with the offense to which he was pleading guilty, see Arraignment Tr. 24–25, the trial and appellate rights he would be waiving by pleading guilty, see id. at 26, 30–31, and the authority of the court to impose an appropriate sentence. See id. at 27–28. He also affirmed that his attorney had discussed the entire plea agreement with him, see id. at 29, and that no one had induced him to plead guilty. See id. at 31. The court must dismiss claims that rely on allegations contradicting sworn statements at the Rule 11 hearing. See United States v. Lemaster,

4

403 F.3d 216, 221–22 (4th Cir. 2005). Thus, Harris's first claim of ineffective assistance of counsel fails.[1]

Next, Harris claims that his attorney provided ineffective assistance by failing to undertake an "independent examination" of the government's evidence against him before advising him to plead guilty. [D.E. 22] 7; [D.E. 25] 8. This claim fails because Harris does not plausibly allege that his attorney performed deficiently. Harris's attorney states that he shared with Harris "the information provided by the U.S. Attorney's Office that tended to show he had been actively involved in the cocaine trade for an extended period of time," and "discussed . . . Harris's case with him at length on multiple occasions." Mem. Supp. Mot. Dismiss, Ex. A ("Miles Aff.") [D.E. 35-1] ¶¶ 3–4. Accordingly, to the extent Harris's attorney decided not to investigate certain evidence, he reasonably based that decision on information that Harris had supplied to him during their extensive conversations. See Strickland, 466 U.S. at 690–91. Where "reasonable professional judgments support . . . limitations on investigation," an attorney's decision not to investigate certain evidence is tactical and entitled to "a heavy measure of deference." Id. at 691; see Premo v. Moore, 131 S. Ct. 733, 740–43 (2011); Wiggins v. Smith, 539 U.S. 510, 521–23 (2003). Alternatively, Harris does not plausibly allege prejudice. Specifically, Harris does not plausibly allege that there is a "reasonable probability" that he would have insisted upon a trial had he known certain facts that his attorney failed to uncover. Strickland, 466 U.S. at 694; Fields, 956 F.2d at 1297; cf. Frye, 132 S. Ct. at 1409–10. Thus, Harris's second claim of ineffective assistance of counsel fails.

---

[1] To the extent Harris alleges that his IQ places him in the "educable mentally handicapped range" and that, consequently, he did not understand the trial court proceedings, the record also belies this claim. [D.E. 22] 4; [D.E. 25] 4. Both Judge Gates and this court concluded that Harris was competent to go forward with his arraignment and sentencing, respectively. See Arraignment Tr. 20–21; Sentencing Tr. 2–3.

5

Harris also claims that his attorney provided ineffective assistance by allowing Harris to waive indictment and consent to prosecution by information. See [D.E. 22] 4–7; [D.E. 25] 5. This claim fails for the same reason his first one does: it "necessarily relies on allegations that contradict the sworn statements" Harris made during his Rule 11 colloquy. Lemaster, 403 F.3d at 222. At Harris's Rule 11 hearing, Judge Gates advised Harris of his constitutional right to indictment by a grand jury, see Arraignment Tr. 6–7, and confirmed that Harris had discussed this right, and the consequences of waiving it and consenting to prosecution by information, with his attorney. See id. at 15–16. Harris indicated that he understood his right to indictment by a grand jury, and that he had not been induced to waive indictment by reason of any threat or promise. See id. Harris also signed a waiver of indictment in open court, in which he acknowledged that he "was advised . . . of [his] rights and the nature of the proposed charges against [him], and chose to "waive [his] right to prosecution by indictment and consent to prosecution by information." [D.E. 10]. Thus, Harris's third claim of ineffective assistance of counsel fails.

Next, Harris contends that his attorney provided ineffective assistance by withdrawing the objections to Harris's PSR. See [D.E. 22] 12–16; [D.E. 25] 9. This claim fails because Harris does not plausibly allege that his attorney performed deficiently. Harris's attorney states that he and Harris agreed that withdrawing the objections in light of the government's motion for a downward departure under section 5K1.1 "was the best strategic move in his case." Miles Aff. ¶¶ 8–10. Thus, Harris's attorney's decision not to object to the PSR is a tactical one entitled to deference. See Strickland, 466 U.S. at 689; see also Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). Alternatively, Harris has failed to plausibly allege prejudice. After granting the government's motion for a downward departure, the court sentenced Harris to 168 months' imprisonment, 67 months below the bottom end of his advisory guideline

6

range. Harris has not plausibly alleged a "reasonable probability" that his sentence would have been any shorter but for his attorney's strategic decision—a decision he supported—to withdraw the objections to Harris's PSR. Strickland, 466 U.S. at 694; see Sentencing Tr. 5–6. Thus, Harris's fourth claim of ineffective assistance of counsel fails.

Finally, Harris contends that his attorney provided ineffective assistance by failing to file a notice of appeal in his case. See [D.E. 22] 7–8; [D.E. 25] 3–4, 6, 9. An attorney who fails to appeal after a defendant instructs him to do so "is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a defendant does not convey his wishes concerning an appeal one way or another, however, counsel's failure to appeal constitutes ineffective assistance only where counsel failed to consult with the defendant about an appeal, counsel had a constitutionally imposed duty to do so, and the defendant can demonstrate actual prejudice as a result of counsel's failure to consult (i.e., a reasonable probability that he would have timely appealed but for counsel's deficient performance). See, e.g., Roe, 528 U.S. at 478; Witherspoon, 231 F.3d at 926; Miller v. United States, 150 F. Supp. 2d 871, 878–82 (E.D.N.C. 2001).

Counsel "consults" with a defendant about an appeal by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe, 528 U.S. at 478; accord Witherspoon, 231 F.3d at 926. Counsel's constitutional duty to consult with a defendant arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480; accord Witherspoon, 231 F.3d at 926. In determining whether a rational defendant would have wanted to appeal, the court considers, among

7

other factors, whether "the defendant's conviction followed a trial or a guilty plea[,] . . . and whether the plea expressly reserved or waived some or all appeal rights." United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010).

Here, Harris pleaded guilty pursuant to a plea agreement, and the plea agreement contained an appeal waiver. See [D.E. 12] ¶ 2(c). After the court sentenced Harris to 168 months' imprisonment (a sentence 67 months below the bottom end of the advisory guideline range established at sentencing), the court advised Harris as follows:

> [Y]ou can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceeding that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think your sentence is contrary to law. However, [a] defendant may waive those rights as part of a plea agreement. And you did enter into a plea agreement which contains an appellate waiver. In light of your sentence, it's the court's view that you've waived your right to appeal your sentence. If you believe the appellate waiver is unenforceable or inapplicable for any reason you can present that theory to the [a]ppellate [c]ourt. With few exceptions any notice of appeal must be filed within 14 days of a judgment being entered on the docket in your case. If you're unable to pay the cost of an appeal you may apply for leave to appeal in [f]orma [p]auperis. If you so request the clerk of court will prepare and file a notice of appeal on your behalf.

Sentencing Tr. 24–25.

According to Harris's section 2255 motions and his attorney's affidavit, Harris never conveyed his appellate wishes to his attorney one way or another. Moreover, Harris does not allege that he or his girlfriend (with whom Harris's attorney also discussed Harris's case) ever asked his attorney to file a notice of appeal.[2] Rather, Harris claims that his attorney should have appealed his

---

[2] Harris's girlfriend also does not claim that she or Harris asked Harris's attorney to appeal. In fact, in her affidavit, Harris's girlfriend faults his attorney for allegedly failing to advise that Harris "could reserve his right to file the 'usual and regular' notice of appeal" even after pleading guilty. Smith Aff. [D.E. 37-1]. As discussed, to the extent Harris claims that his attorney improperly advised him concerning the appellate waiver in his plea agreement, Harris's Rule 11 colloquy cured

8

case as part of the "usual and regular" course of representation. [D.E. 25] 4. Harris's attorney responds that, after Harris's sentencing hearing, he discussed the fourteen-day deadline to appeal with both Harris and Harris's girlfriend, and that neither one ever asked him to file a notice of appeal. See Miles Aff. ¶¶ 11–13.

Because Harris does not plausibly allege that he instructed his attorney to appeal, the court must consider whether Harris's attorney consulted with him about an appeal and, if not, whether Harris's attorney had a constitutional duty to do so. On whether Harris's attorney consulted with him about an appeal, Harris's claim that his attorney should have appealed as part of the "usual and regular" course of representation suggests that Harris generally understood his right to appeal. [D.E. 25] 4. Harris's attorney, however, does not state that he advised Harris about the advantages and disadvantages of this particular course of action; he states only that he discussed the plea waiver in Harris's plea agreement and the fourteen-day deadline to appeal. Miles Aff. ¶ 11; see Roe, 528 U.S. at 478. Nor does Harris's attorney state that he expressly asked Harris whether he wanted to file an appeal after informing Harris and his girlfriend of the fourteen-day deadline. Miles Aff. ¶ 12; see Roe, 528 U.S. at 478. Nonetheless, the court has to review counsel's conduct and consultation in light of what the court told Harris about his appellate rights immediately after sentencing him. In light of what the court told Harris about his appellate rights immediately after sentencing him, and the entire record, counsel adequately consulted with Harris about his appellate rights. Cf. Sentencing Tr. 24–25.

Alternatively, even if Harris's attorney inadequately consulted with him about an appeal, no rational defendant would have wanted to appeal in this case. See Roe, 528 U.S. at 480. Harris

---

any potential prejudice. Moreover, even though the court referenced Harris's right to appeal after sentencing him, Harris never told his counsel to file a notice of appeal.

9

pleaded guilty, pursuant to a plea agreement, to the sole charge in the criminal information. In doing so, he waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range." [D.E. 12] ¶ 2(c). Harris reserved only his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." Id. This court sentenced Harris to 168 months' imprisonment, a sentence 67 months below the bottom end of his advisory guideline range. Sentencing Tr. 7, 23. Simply put, Harris had no nonfrivolous issues to appeal concerning his sentence. See, e.g., Roe, 528 U.S. at 480; see Sent. Tr. 24–25. Likewise, Harris does not raise any non-frivolous claims concerning his conviction. Rather, the Rule 11 transcript makes clear that Harris was competent and made a knowing and voluntary decision to plead guilty. See Arraignment Tr. 2–43. Alternatively, Harris does not plausibly allege that he sufficiently demonstrated to his attorney an interest in appealing. See Roe, 528 U.S. at 480. In the particular circumstances of Harris's case, any failure on counsel's part to consult further with Harris about an appeal does not constitute ineffective assistance. See, e.g., Cooper, 617 F.3d at 313–15. Finally, because the record conclusively shows that Harris is not entitled to relief on this claim and because there is no genuine issue of material fact to resolve at an evidentiary hearing, the court denies Harris's request for an evidentiary hearing. Resp. Opp'n Mot. Dismiss [D.E. 37] 1; see 28 U.S.C. § 2255(b); United States v. White, 366 F.3d 291, 296–97 (4th Cir. 2004); Witherspoon, 231 F.3d at 925–26.

After reviewing the claims presented in Harris's section 2255 motion, the court concludes that reasonable jurists would not find the court's treatment of any of Harris's claims debatable or wrong, and that none of the issues are adequate to deserve encouragement to proceed further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

10

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 34], DISMISSES Harris's section 2255 motions [D.E. 22, 25], and DENIES Harris's request for an evidentiary hearing. The court also DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **25** day of March 2014.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge